**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Robert Hendershot, | ) | CASE NO: 5:24CV554 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Power Home Solar LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion to remand filed by Plaintiff Robert Hendershot (Doc. 9), a motion to dismiss filed by defendant Trivest Partners (Doc. 17), and a motion to dismiss filed by Defendant Jayson Waller (Doc. 18). Upon review, the motion to remand is DENIED and the motions to dismiss are GRANTED.

**I.  Factual Background**

Hendershot's complaint is one of many that were filed against Defendants Power Home Solar LLC, dba Pink Energy, Jayson Waller, Trivest Partners, L.P., Paul Grysiuk, and Jake Hines. Hendershot is part of a group of consumers that are dissatisfied with business transaction conducted with Defendants related to home solar equipment that turned out to be defective. Based upon the transactions associated with this equipment, Hendershot has brought claims breach of contract, fraudulent misrepresentation, negligent

misrepresentation, fraud in the inducement, negligent hiring and training, violations of the consumer sales practices act, violation of the Truth in Lending Act, negligence, and civil conspiracy.

Within the amended complaint, Hendershot notes that Pink Energy filed for Chapter 7 bankruptcy on October 7, 2022. The bankruptcy stay was lifted to allow suits like these to pursue the insurance coverage of Pink Energy. While this matter was initially filed in state court, the matter was removed here on March 25, 2024. Hendershot has moved to remand the matter to state court, while Waller and Trivest Partners have sought to dismiss the claims brought against them. The Court now reviews the parties' arguments.

**II. Remand**

Hendershot claims that remand is appropriate because Defendants have failed to demonstrate fraudulent joinder of the Ohio defendants and failed to demonstrate the applicability of removal as related to a bankruptcy proceeding. As the latter argument is dispositive, the Court will address it first.

This Court may exercise jurisdiction pursuant to 28 U.S.C. §§ 1452 and 1334 if finds that this is a case "related to" bankruptcy proceedings. When determining jurisdiction "the court need only 'determine whether a matter is at least 'related to' the bankruptcy.' " *In re HNRC Dissolution Co.*, 761 F. App'x 553, 559–60 (6th Cir. 2019) (quoting *Mich. Emp't. Sec. Comm'n v. Wolverine Radio Co.* (*In re Wolverine Radio Co.*), 930 F.2d 1132, 1141 (6th Cir. 1991)).

The Sixth Circuit has held that "related to" jurisdiction is governed by an expansive definition and requires this Court to ask, "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id*. (quoting

2

*Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Conn.* (*In re Dow Corning Corp.*), 86 F.3d 482, 489 (6th Cir. 1996). "In other words, there is 'related to' jurisdiction if the outcome of the proceeding could conceivably 'alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)' or otherwise impact 'the handling and administration of the bankrupt estate." *Id*. at 560 (quoting *In re Dow Corning Corp.*, 86 F.3d at 489).

Hendershot contends that this jurisdictional basis cannot be proven because the bankruptcy court lifted the stay only to allow claimants to pursue possible insurance coverage owned by Pink Energy. A colleague in the Southern District resolved this argument in another matter against Pink Energy as follows:

> Even if the judgment in this case would only impact Pink Energy's insurance, this Court notes that generally, a debtor's interest in insurance policies is property of the debtor's bankruptcy estate under 11 U.S.C. § 541(a)(1). *In re Dow Corning Corp.*, 86 F.3d at 495. For example, the court in *In re Dow Corning Corp.* held that a finding of "related to" jurisdiction over claims against both the debtor and non-debtors was supported by the debtors and non-debtors sharing joint insurance. *Id*. The Sixth Circuit noted that the insurance policy at issue was covered under the expansive definition of property of an estate under 11 U.S.C. § 541(a)(1). *Id*. The debtors and non-debtors argued that "related to" jurisdiction existed as to the claims against the non-debtors because there was joint insurance and permitting several trials against the non-debtors, without the debtor, may result in the non-debtors making claims for insurance before the debtor is able to make any claims of its own. *Id*. The district court found no basis for jurisdiction over the non-debtors' claims because no judgment had been entered against the non-debtors and the non-debtors did not have any claims pending against the joint insurance policies. The Sixth Circuit found the district court erred because an immediate impact of the estate is not a prerequisite to finding "related to" jurisdiction. *Id*. The court then held "related to" jurisdiction over the non-debtors was supported by the debtor's interest in their insurance policies threatened by causes of action against non-debtor defendants who were also co-insurers. *Id*.
>
> The impact on a debtor's insurance is far less attenuated here as the debtor is named in this civil proceeding. This Court need not look at whether the outcome of this case would result in other parties having claims against the

3

debtor's insurance. Instead, this case involves a direct impact on the debtor's insurance. *See e.g., Landry v. Exxon Pipeline Co.*, 260 B.R. 769, 784 (Bankr. M.D. La. 2001) ("Most courts addressing whether "property of the estate" includes insurance policies have held that an insurance policy owned by the debtor is property of the estate under 11 U.S.C. § 541.53."). This Court thus finds that claims against the debtor, Pink Energy, are related to the bankruptcy proceeding.

*NICK APPLEGARTH, Plaintiff, v. POWER HOME SOLAR, LLC, et al., Defendants. Additional Party Names: Digital Fed. Credit Union, Jake Hynes, Jayson Waller, Paul Grysiuk, Pink Energy, Pink Energy Grp., Trivest Partners, L.P.,* No. 2:24-CV-1309, 2025 WL 712758, at *7 (S.D. Ohio Mar. 5, 2025). This Court finds no basis to disagree with the analysis set forth above. Moreover, the Court further adopts the reasoning of *Applegarth* with respect to the claims against the non-bankrupt parties. As Hendershot brings claims alleging the joint conduct of Pink Energy and the remaining defendants, this Court has related to jurisdiction over each of the claims. *Id.* at *9-10. As such, the motion to remand is DENIED.

**III. Motions to Dismiss**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

4

> plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**IV. Analysis of Motions to Dismiss**

1. <u>Trivest Partners</u>

Trivest Partners contends that this Court cannot exercise personal jurisdiction over it. Two types of personal jurisdiction exist for corporations: (1) general jurisdiction and (2) specific jurisdiction. *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 398 (6th Cir. 2021). A court may assert general jurisdiction over a defendant corporation "in its home State, where the defendant is incorporated or headquartered." *Id*. (internal quotation marks and citation omitted). Alternatively, a court may exercise specific jurisdiction over a defendant corporation if the plaintiff's claims arise out of or relate to the defendant's activities in the

5

forum state. *Id*. For specific jurisdiction to attach, a court must find "a connection between the forum and the specific claims at issue." *Id*. (citation omitted).

Initially, the Court notes that Trivest contends that no general jurisdiction exists herein as Ohio is not its home state or the location of its headquarters. Hendershot does not argue otherwise. As such, the Court proceeds to analyze personal jurisdiction.

In rejecting the same arguments put forth by Hendershot, another district judge held:

> [T]his Court finds there is not a sufficient connection between Ohio and the specific claims against Trivest for specific jurisdiction to attach. To explain, Plaintiffs claim in a conclusory manner that Trivest was acting in concert with Pink Energy and the other Defendants. In this Court's view, Plaintiffs' allegations that could be read as connecting Trivest to on-the-ground activities in Ohio are that (1) "Trivest ... undertook all or a portion of Pink Energy's hiring and talent recruitment responsibilities" which "included placing job postings on behalf of Pink Energy for positions ranging from call center employees to master electricians," and (2) "an installation crew and/or a sub-contractor crew hired/retained by the Pink Energy Group as their agents and/or employees, arrived at Plaintiffs' residence and commenced the installation of the solar panel system." Even interpreted in a light most favorable to Plaintiff, it is not clear that Trivest recruited or hired anyone in Ohio, let alone supervised them, as this Court is without allegations or proof that the sales personnel who visited Plaintiffs at their homes in Ohio were employees of Trivest or that they were directed by Trivest to conduct the sales in the problematic manner that Plaintiffs allege. While this Court refrains from a sweeping generalization that a minority share and day-to-day operational involvement can never be enough to establish specific jurisdiction, this Court finds Plaintiffs' allegations insufficient.

*Bowe v. Cross River Bank*, No. 1:22-CV-00721, 2024 WL 1049820, at *8 (S.D. Ohio Mar. 11, 2024)(internal citations omitted). The complaint herein suffers from the same flaws. While Hendershot alleges that Trivest Partners is in some manner a "hands on" investor that seeks control over the companies in which it has an ownership interest, the allegations in the complaint fall well short of demonstrating that *any* of Trivest Partners' actions

6

occurred in Ohio or resulted in claims pled by Hendershot. Accordingly, the motion to dismiss for lack of personal jurisdiction is GRANTED.

2. Jayson Waller

Under Ohio law, a corporate officer may not normally be held personally liable for the acts of a corporate entity or merely by virtue of his status as a corporate officer. *State ex rel. DeWine v. Osborne Co*., 2018-Ohio-3109, 104 N.E.3d 843, 856-57 (Ohio Ct. App. 2018). A corporate officer can, however, be held liable under the personal participation theory or the alter ego doctrine. *Id*.

Under the personal participation theory, a corporate officer may be held personally liable for "tortious acts he or she has [personally] committed." *Id*. at 857. Under such circumstances, "a plaintiff need not pierce the corporate veil to hold individuals liable who have personally committed such acts." *Id*. The evidence, however, "must indicate that the officer specifically directed the particular act to be done or that the officer participated or cooperated therein." *Id*.

The *Bowe* Court also addressed these exact arguments:

This Court finds Plaintiffs fail to make any allegations which, if proven, would render Waller personally liable for their alleged injuries. Most of Plaintiffs' allegations are directed at the "Pink Energy Group" rather than Waller specifically. The specific allegations against Waller are limited to the following: Waller was "intimately involved in designing, implementing, and teaching the fraudulent sales practices employed by Pink Energy's Agents/Employees"; "Upon information and belief, all or most of the sales techniques/scripts were developed by Defendant Waller"; "Upon information and belief, from 2017-2018, Defendant Waller attended all or substantially all of the Pink Energy's sales meetings and routinely encouraged the company's sales representatives to engage in hard-sell tactics"; and "Sometime after 2018, Defendant Waller began to attend meetings at Pink Energy's offices throughout the country ... and continually pushed sales agents to engage in hard-sell tactics".

> These allegations against Waller pertain to his level of influence over Pink Energy's day-to-day operations and tactics. None of them suggests that Waller *himself* interacted with Plaintiffs, or even that Waller directed the sales personnel who visited Plaintiffs at their homes to utilize the hard-sell tactics that he allegedly developed. Further, Plaintiffs make no allegations indicating Waller exercised complete or near-complete dominion over Pink Energy to the extent that Pink Energy lacked any effective autonomy. In fact, Plaintiffs' allegations that Defendant Waller worked in concert with Trivest, an active shareholder with 25% ownership of the company, weigh against such a conclusion. In short, there are no allegations that Pink Energy is indistinguishable from Waller himself. As such, this Court finds Plaintiffs fail to plead Waller's personal liability.

*Bowe v. Cross River Bank*, No. 1:22-CV-00721, 2024 WL 1049820, at *12–13 (S.D. Ohio Mar. 11, 2024)(internal citations omitted). The Court joins in the above analysis; however, Hendershot has also included the following in his complaint:

> For the sake of clarity, Plaintiff allege that Defendants Waller, Paul Grysiuk and Jake Hines were intimately involved in facilitating and directing sales agents, including the sales agent that had contact with Plaintiff, to push and use the misleading, fraudulent, and deceptive sales tactics noted above – it was the directive of Defendants Waller, Grysiuk, and Hines that directly and proximately caused their agent to visit Plaintiff's home and use the deceptive tactics noted above and throughout this Complaint.

Doc. 8 at 12. The Court finds that this conclusory allegation is insufficient to alter the conclusion that was reached in *Bowe*. Hendershot offers no factual basis to support Waller's direct involvement with his purchase. Rather, he attempts to assert that because Waller allegedly developed this sales methodology for the entire sales force, his strategy must have impacted Hendershot. The Court cannot agree that such a conclusory statement is sufficient to demonstrate that Waller personally participated in any of the claims related to Hendershot. Accordingly, Waller's motion to dismiss is GRANTED.

### V. Conclusion

Based upon the above, the motion to remand is DENIED. The motions to dismiss filed by Defendants Trivest Partners and Jayson Waller are GRANTED. Within seven (7) days

8

of this order, Hendershot shall file a notice of whether he intends to pursue his claims against the remaining Defendants.

    IT IS SO ORDERED.


March 17, 2025                                */s/ Judge John R. Adams*
DATE                                           JUDGE JOHN R. ADAMS
                                                 UNITED STATES DISTRICT COURT